1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNIS G. CLAIBORNE,                        No.  2:15-cv-0710 JAM CKD P

12                  Plaintiff,

13        v.                                      ORDER AND

14   CALIFORNIA DEPARTMENT OF                     FINDINGS AND RECOMMENDATIONS
     CORRECTIONS AND
15   REHABILITATION, et al.,

16                  Defendants.

17

18        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

19   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

20   proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

22   §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

                                                1

1    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2    I.  Screening Standard

3         The court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14   Cir. 1989); Franklin, 745 F.2d at 1227.

15        In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

20   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

23   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

24   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

25   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26   U.S. 232, 236 (1974).

27   ////

28   ////

2

II. <u>Allegations</u>

Plaintiff alleges that he is a mobility-impaired inmate who uses a cane and an arm sling. (ECF No. 1 at 4.)  The events giving rise to this suit were summarized in a March 2015 response to plaintiff's administrative appeal:

> The appellant states that on October 10, 2014, he was instructed by staff to get down on the ground during an alarm.  [He] states that he cannot comply with the institution's get down policy based upon his medical limitation.  He adds that following the incident he was placed in a 'detention cage' and subjected to an unnecessary unclothed body search.
>
> The appellant believes he is being discriminated against because he is a black Americans with Disabilities Act inmate.  He also believes that the unclothed body search was a form of sexual harassment.

(<u>Id.</u> at 39.)

In his complaint, plaintiff asserts that these actions violated his rights under the ADA, as well as other federal constitutional rights.  He states he is in "imminent danger "of harm, though the allegations do not indicate this.  He seeks over $6 million in damages and injunctive relief. (<u>Id.</u> at 3, 14.)

Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (ADA), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a claim under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  <u>Thompson v. Davis</u>, 295 F.3d 890, 895 (9th Cir. 2002).

Here, plaintiff has not alleged that he was excluded from participation or denied the benefits of the services, programs or activities of the prison, or subject to any discrimination by

3

reason of his alleged disability.  See Armstrong v. Wilson, 124 F.3d 1019, 1024 (9th Cir. 1997).

Rather, records attached to the complaint indicate that plaintiff was not wearing the "mobility

impaired vest" that signaled an inmate could not get on the ground, as it was determined by the

medical department that he did not meet the criteria for such a vest.  (ECF No. 1 at t 49-50, 56-

59.)

Nor has plaintiff made out a colorable equal protection claim, as his allegations do not

show that defendants intentionally discriminated against him based on his membership in a

protected class.  See Washington v. Davis, 426 U.S. 229, 239–42 (1976).  His assertion that "a

white prison inmate, with the same . . . circumstances, was allowed to sit on a bench" without

being "bothered [or] harassed" (ECF No. 1 at 9) is not sufficient to allege intentional

discrimination.

As to plaintiff's claim that he was subject to an unreasonable strip search, the Fourth

Amendment applies to the invasion of bodily privacy in prisons and jails.  Bull v. San Francisco,

595 F.3d 964, 974–75 (9th Cir. 2010) (en banc).  To analyze a claim alleging a violation of this

privacy right, the court must apply the test set forth in Turner v. Safley, 482 U.S. 78, 89 (1987),

and determine whether a particular invasion of bodily privacy was reasonably related to

legitimate penological interests.  See Bull, 595 F.3d at 973.  Prisoners may be subjected to strip

searches and body cavity searches if they are conducted in a reasonable manner.  See Bell v.

Wolfish, 441 U.S. 520, 561 (1979).  The Fourth Amendment right to be secure against

unreasonable searches extends to incarcerated prisoners, but the reasonableness of a particular

search must be determined by reference to the prison context.  See Michenfelder v. Sumner, 860

F.2d 328, 332 (9th Cir. 1988).

Plaintiff alleges that, shortly after he failed to comply with defendant Davies' order,

Davies and defendant Butler took him to the program office, demanded he strip, and ordered him

to "pull my butt open" in order to conduct a visual cavity search.  (ECF No. 1 at 4-5.)  He alleges

that the search was "founded on a (CDCR) unreasonable policy" and was an undue punishment

for plaintiff's handicapped condition.  (Id. at 7.)  Nothing in the records attached to the complaint

explain why it was reasonable to conduct a cavity search of plaintiff after he failed to comply

4

with an order to get on the ground.  Based on the totality of the complaint, plaintiff has sufficiently alleged that defendants invaded his bodily privacy without a reasonable relationship to a legitimate penological interest, so as to state a Fourth Amendment claim against Davies and Butler.

Plaintiff names three other individual defendants in the complaint: Major, Wamble, and Young.  (ECF No. 1 at 12.)  Plaintiff has not sufficiently alleged the personal involvement of these defendants in any constitutional violation so as to state a § 1983 claim.  Thus the court will recommend that they be dismissed from this action.

Finally, defendant California Department of Corrections and Rehabilitation (CDCR) is immune from suit under the doctrine of sovereign immunity.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  The State of California has not consented to suit.  Thus plaintiff's claims against this defendant are frivolous and must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff will be assessed an initial partial filing fee.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Service is appropriate for the following defendants:  Davies and Butler.

4.  The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed March 30, 2015.

5.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a.  The completed Notice of Submission of Documents;

b.  One completed summons;

1    c.  One completed USM-285 form for each defendant listed in number 3 above;

2    and

3    d.  Three copies of the endorsed complaint filed March 30, 2015.

4    6.  Plaintiff need not attempt service on defendants and need not request waiver of service.

5    Upon receipt of the above-described documents, the court will direct the United States Marshal to

6    serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment

7    of costs.

8    IT IS HEREBY RECOMMENDED that defendants CDCR, Major, Wamble, and Young

9    be dismissed from this action with prejudice.

10    These findings and recommendations are submitted to the United States District Judge

11    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12    after being served with these findings and recommendations, plaintiff may file written objections

13    with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

14    and Recommendations."  Plaintiff is advised that failure to file objections within the specified

15    time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

16    (9th Cir. 1991).

17    Dated:  May 18, 2015

18    _____
      CAROLYN K. DELANEY
19    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26    2 / clai710.1.new

27

28

1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   DENNIS G. CLAIBORNE,                   No.  2:15-cv-0710 JAM CKD P

10                  Plaintiff,

11        v.                               <u>NOTICE OF SUBMISSION OF</u>
                                           <u>DOCUMENTS</u>
12   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
13   REHABILITATION, et al.,

14                  Defendants.

15

16        Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18        ____      completed summons form

19        ____      completed USM-285 forms

20        ____      copies of the _____

21                             Complaint

22   DATED:

23

24

25                                 _____

26                                 Plaintiff

27

28
                                   7