UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS G. CLAIBORNE, | No. 2:15-cv-0710 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On May 18, 2015, the undersigned granted plaintiff's request to proceed in forma pauperis. (ECF No. 9.) The court ordered service of the complaint on defendants Davies and Bolden (ECF Nos. 14 & 23; see ECF No. 22); Bolden has yet to be served.

Before the court is Davies' motion to revoke plaintiff's in forma pauperis status on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g), and to dismiss this action. (ECF No. 27.) As plaintiff has not timely opposed to the motion or responded in any way, the court considers the motion unopposed. See L.R. 230(l). For the reasons set forth below, the court will grant defendant's motion in part.

1

I. <u>Motion to Revoke IFP Status</u>

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. <u>Stehouwer v. Hennessey</u>, 841 F. Supp. 316, 321 (N.D. Cal., 1994), <u>vacated on other grounds by</u> <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. §1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" <u>Id.</u>, at 1120, quoting § 1915(g). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. <u>Id.</u> If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). <u>Id.</u>

In <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant

2

has exhausted or waived his opportunity to appeal.  This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

II. Discussion

Defendant contends that, while incarcerated, plaintiff has filed multiple federal cases that were dismissed for being frivolous or failing to state a claim. (ECF No. 27-1 at 1.) Defendant further asserts that plaintiff was declared a "three strikes" inmate, and had his IFP status revoked, in a previous case in this district. (Id. at 1-2.) The court takes judicial notice of the following cases[1] and summarizes them as follows:

A. Cases dismissed at screening

Between 1999 and 2002, five cases filed by plaintiff in the Central District of California were dismissed at the screening stage under 28 U.S.C. § 1915A.[2]  In four of those cases, the court found that one or more claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). (RJN 1-4.) Putting aside the Heck bar, one of the five dismissals indicated the action was "patently frivolous" (RJN 1) and another indicated that plaintiff's allegations were "not cognizable in a §1983 action" (RJN 5).

Defendant argues that dismissal of a prisoner action as Heck-barred constitutes a §1915(g) strike. See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (affirming dismissal of federal prisoner's Bivens action as frivolous under 28 U.S.C. § 1915(d) where action was Heck-barred); see also Smith v. Veterans Admin., 636 F.3d 1306, 1312 (10th Cir. 2011) (civil rights action

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Claiborne v. Roe, No. CV 99-12852 (Def.'s Request for Judicial Notice (RJN) 1); Claiborne v. Culver City Police Dept., et al., No. CV-001987 (RJN 2); Claiborne v. State of California, No. CV 00-4044 (RJN 3); Claiborne v. Detective Gray Irwin, No. CV 01-00509 (RJN 4); Claiborne v. Director of Corrections, No. CV 02-04037 (RJN 5).

dismissed as Heck-barred is a strike for failure to state a claim); In re Jones, 652 F.3d 36, 37-39 (D.C. Cir. 2011) (Heck dismissal counts as strike); Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (§ 1983 claim precluded by Heck rule is "legally frivolous").  The court need not rule on this issue, however, as plaintiff incurred at least two strikes above, followed by multiple others.

  B.  Claiborne v. Stevens, et al., No. 4:06-2012 CW (PR) (N.D. Cal.).  Plaintiff's amended complaint was dismissed in a September 25, 2007 screening order for failing to state a claim against any defendant or cure the pleading defects of the original complaint.  (RJN 6.)  Thus this action counts as a strike.

  C.  Claiborne v. Lt. Beebe, et al., No. 1:06-cv-00681 AWI-DLB-P (E.D. Cal.).  Plaintiff's amended complaint was dismissed in an April 5, 2008 screening order for failure to state a claim or cure the pleading defects of the original complaint.  (RJN 7.)  Thus this action counts as a strike.

  D.  Appeals dismissed at screening

Plaintiff filed an appeal in the Ninth Circuit Court of Appeals, In re Claiborne, No. 06-80106 (9th Cir.)  (RJN 8.)  The docket sheet reflects that, on October 20, 2006, the Ninth Circuit issued a pre-filing review order, citing plaintiff's "practice of burdening this court with meritless litigation."  (Id.)  Pursuant to the order, reviewing panels subsequently dismissed five appeals by plaintiff as lacking merit or "so insubstantial as not to warrant further review."[3]  (Id.)

These appeals count as additional strikes.  See In re Thomas, 508 F.3d 1225, 1226, n.2 (9th Cir. 2007) (holding that when the Ninth Circuit imposes pre-filing requirements, it can preclude appellant from proceeding with a petition or appeal "only when it is clear from the face of the appellant's pleadings that: (i) the appeal is patently insubstantial or clearly controlled by well settled precedent; or (ii) the facts presented are fanciful or in conflict with facts of which the court may take judicial notice."); Thomas v. R.T.C. Grounds, 2015 WL 859546, at*3 (N.D. Cal. Feb. 26, 2015) (appeals dismissed under Ninth Circuit's pre-filing order "are equivalent to dismissals for frivolousness or for failure to state a claim for relief and, thus, they count as strikes

---

[3] See docket entries of 11/19/2007; 5/14/2008; 10/08/2008; 6/28/2011; and 6/10/2014.

under § 1915(g).").

E. <u>IFP status revoked</u>

Finally, in <u>Claiborne v. Albonico</u>, No. 2:08-cv-1319 CMK P (E.D. Cal.), on August 19, 2009, the court declared plaintiff a "three strikes" litigant under § 1915(g), revoked his in forma pauperis status, and dismissed the action due to plaintiff's failure to pre-pay the filing fee. (RJN 9.)

Based on the foregoing, the undersigned concludes that plaintiff is a "three strikes" inmate under § 1915(g.). The complaint in the instant action does not qualify for the "imminent danger" exception, as the case proceeds on allegations that plaintiff was subject to an unreasonable strip search in October 2014. (ECF Nos. 1 & 9.) Thus the undersigned will revoke plaintiff's IFP status and order him to pay the filing fee or face dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to revoke plaintiff's IFP status and dismiss complaint (ECF No. 27) is partially granted;

2. Plaintiff's in forma pauperis status is REVOKED pursuant to 28 U.S.C. § 1915(g);

3. The order directing the CDCR to make payments to the court from plaintiff's prison trust account for payment of the filing fee for this action (ECF No. 10) is VACATED;

4. The Clerk of Court is directed to serve a copy of this order on:

    (1) the Director of the CDCR; and

    (2) the Financial Department, U.S. District Court, Eastern District of California, Sacramento Division;

5. Plaintiff shall submit, within fourteen days from the date of this order, the $400.00 filing fee for this action; and

6. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 22, 2015

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / clai0710.threestrikes.doc